# Hazard to use *v.* Exeter Machine Works, Appellant.

*Contract—Salesmen—Commissions—Affidavit of defense.*

In an action by a salesman to recover commissions on an order secured by him for the defendants, the statement of claim did not set out whether the actual contract of employment was in writing or in parol, nor did it state the time when, and the conditions under which plaintiff's compensation was to become due and payable. Annexed to the statement was

## 112 HAZARD v. EXETER MACH. WORKS, Appellant.

a letter from the defendants to the plaintiff acknowledging the order, and after referring to the price, concluding as follows: "Understand that this price includes a commission of ten per cent to you." The defendants filed an affidavit of defense in which they averred that about six months prior to the date of the letter, plaintiff and defendants entered into a verbal contract for the employment of the former as a salesman; that by its terms he was to receive a commission of ten per cent on sales made by him, which, however, was to be added to the defendants' price for the goods sold, and to be payable "only when the person or parties purchasing goods had made payment in full," until which time "no commissions should be due;" that any reduction made in selling price should work a corresponding reduction in the commission, and that in the event of any loss on such sales no commission at all should be paid; that the defendants had not yet received full payment for the order in question, and that a loss had been sustained thereon by the defendants. *Held*, that the affidavit of defense was sufficient to prevent judgment.

Argued Feb. 26, 1907. Appeal, No. 42, Jan. T., 1907, by defendants, from order of C. P. Luzerne Co., Dec. T., 1905, No. 693, making absolute rule for judgment for want of a sufficient affidavit of defense in case of A. B. Hazard to use of Western Valve Company v. Exeter Machine Works, Incorporated. Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Assumpsit for commissions.

The averments of the statement and the affidavit of defense are set forth in the opinion of the Superior Court.

*Error assigned* was in making absolute rule for judgment for want of a sufficient affidavit of defense.

*Henry W. Dunning*, with him *Anthony L. Williams*, for appellant.—It is elementary law that the material averments of fact in an affidavit of defense are taken to be true and capable of proof, and their full legal effect is to be given to them: Knerr v. Bradley, 105 Pa. 190; Allegheny City v. McCaffrey, 131 Pa. 137; Brooks v. Keller, 173 Pa. 615; Warren National Bank v. Seneca Oil Works, 175 Pa. 580.

*John H. Bigelow*, with him *William M. Reynolds, Jr.*, for appellee.—Where parties, without any fraud or mistake, have

deliberately put their engagements in writing the law declares the writing to be not only the best, but the only evidence of their agreement, and we are not disposed to relax the rule: Martin v. Berens, 67 Pa. 459; Baugh v. White, 161 Pa. 632; Hand v. Russel, 1 Pa. Superior Ct. 165; King v. Publishing Company, 3 Pa. Superior Ct. 329.

OPINION BY HEAD, J., October 7, 1907 :

The learned court below made absolute a rule for judgment for want of a sufficient affidavit of defense and the defendant took this appeal.

As no opinion was filed we are left in the dark as to the reasons that led the court to the conclusion reached, except in so far as we may assume them to be those advanced in the argument of counsel for the appellee in support of the judgment. The substance of that argument may be thus summarized. The plaintiff was employed by the defendant as a salesman to solicit orders. His contract of employment was in writing and fixed his compensation at ten per cent of the amount of each order he sent in. He sent an order for machinery to be furnished to the Citizens Electric Light and Power Company of St. Louis amounting to $2,350, which was accepted by defendant company; that the order was filled and the defendant fully paid the contract price, whereupon it became indebted to the plaintiff in the sum of $235, the amount of his commission. Inasmuch as the contract of employment set up by the affidavit of defense is in parol and antedates the alleged written contract, it is argued that evidence to support such an averment would be inadmissible, because tending to contradict the written agreement, and, therefore, the affidavit disclosed no legal defense.

A careful examination of the plaintiff's statement, and of exhibits " A " and " B " attached thereto, in which the appellee declares " the relations of legal plaintiff and defendant are defined," reveals no such contract in writing as would support the argument above indicated. The sole averment of the statement on the subject of the contract of employment, its date, terms and conditions is the following: " On or about February 18, 1902, A. B. Hazard was employed by the defendant as a salesman, and as such salesman he sent them a con-

tract, the total of which amounted to $2,350, which work was to be furnished by the defendant to the Citizens Electric Light & Power Co. of St. Louis, Mo., on which the said A. B. Hazard was to receive a commission of ten per cent, or $235, as per letter, a copy of which is attached hereto marked exhibit ' A.' '' The statement itself is thus significantly silent as to the important fact whether the actual contract of employment was in writing or in parol, the nature and extent of the services to be rendered by the plaintiff and the time when and the conditions under which his compensation was to become due and payable. We next turn to exhibits " A " and " B," which are made parts of the statement, to see if they disclose the written contract which is the foundation upon which the entire structure of the appellee's argument is built. Exhibit " A " is a letter from defendant to Hazard, dated February 18, 1902. Its material parts are as follows : " We are duly in receipt of your recent favor and note what you say. We mailed our proposition to the citizens company, and hand you herewith copy of the same. Understand that this price includes a commission of ten per cent to you." We think this letter, so far from creating a new contractual relation between parties theretofore strangers, clearly assumes and is based upon an existing arrangement so well understood that no reference to it was deemed necessary. Else how did the plaintiff, living in St. Louis, become acquainted with the defendant doing business in Pittston, Pennsylvania ? Why should he busy himself in securing an order for machinery for the benefit of a total stranger, not knowing if such service was desired or would be paid for by the defendant? Exhibit " B " is but a detailed specification of the material proposed to be furnished by the defendant to the power company and the price thereof. It is addressed to the power company and signed by the defendant, no mention being therein made of the plaintiff or of his contract of employment. Had the statement contained a copy of the " recent favor " from plaintiff to defendant, referred to in and replied to by exhibit " A," some valuable light might be shed on the question.

In reply to the plaintiff's statement, the vagueness of which on the all important questions of the nature, terms and conditions of the contract of employment, we have briefly pointed out, the defendant averred the following facts which, we must

assume, could be established by competent proof on the trial of the cause : That about six months before the date of the sale to the power company the plaintiff and defendant entered into a verbal contract for the employment of the former as a salesman ; that by its terms he was to receive a commission of ten per cent on sales made by him, which, however, was to be added to the defendant's price for the goods sold, and to be payable " only when the person or parties purchasing goods had made payment in full ; " until which time " no commission should be due said Hazard." That any reduction made in selling price should work a corresponding reduction in the commission and that in the event of any loss on such sales no commission at all should be paid. The defendant had not yet received full payment for the power company order and that a loss thereon had been sustained by the defendant. If these facts were fully established to the satisfaction of a jury, we are unable to perceive any good reason why they would not constitute a complete defense to the plaintiff's claim. Their proof would contradict no written contract disclosed by the statement and accompanying exhibits, would contravene no rule of public policy. It is not for us now to undertake to determine whether or not the contract set up was one the plaintiff would have likely assented to, nor to declare the evidential value of the remaining exhibits attached to the statement. How far, if at all, they tend to discredit the averments of the affidavit, only a jury may properly decide. We conclude, therefore, that the learned court below should have discharged the rule and given the defendant an opportunity to be heard before a jury.

Judgment reversed and a procedendo awarded.